IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BIANCA BLADES, ANGELA WILBORN, MEGAN WHELPLEY, MIA CANADA, JERMAINE MYERS, and AHSAKI BROWN<br><br>Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC., and EVEREST COLLEGE,<br><br>Defendants. | CIVIL NO. 1:13-cv-03338-MHS |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND MEMORANDUM OF LAW IN SUPPORT**

**INTRODUCTION**

(1) Plaintiffs Bianca Blades, Angela Wilborn, Megan Whelpley, Mia Canada, Jermaine Myers and Ahsaki Brown ("Plaintiffs"), (2) and Defendants Corinthian Colleges, Inc. and Everest College ("Defendants") jointly file this motion for approval of settlement agreements and memorandum of law in support requesting that the Court approve the Parties' settlement agreements and dismiss this lawsuit with prejudice. This motion is based upon the Settlement Agreement and General Release entered into by each Plaintiff (collectively "Settlement

1

Agreements") (attached as Exhibit 1) and all the files, records, and proceedings herein. The Parties agree that the settlements set forth in the Settlement Agreements are fair and reasonable and that no hearing before the Court is needed or requested.

## I.    Factual Background

On October 7, 2013, Plaintiffs filed their Complaint initiating this lawsuit, in which they alleged that the Defendants had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit").  Plaintiffs filed their Second Amended Complaint on January 15, 2014.  Plaintiffs generally alleged that they were employed by the Defendants and that they were covered employees under the FLSA during the course of their employment.  Plaintiffs also alleged that they worked more than 40 hours per workweek but were not paid at the proper overtime rate required by the FLSA.  *See* Second Amended Complaint [Doc. 12].  The Defendants timely answered Plaintiffs' Second Amended Complaint.  *See* Defendants' Answer [Doc. 15].  In their Answer, Defendants denied the substance of Plaintiffs' allegations in the Second Amended Complaint.  *Id.*

The Parties agreed to stay the case to discuss settlement in an attempt to resolve Plaintiffs' claims.  The Parties continued to discuss settlement after the stay expired and throughout the discovery period, and on February 24, 2015, prior to

the close of the discovery period, the Parties agreed to settle Plaintiffs' claims. The Parties later reached agreement on the terms of the Settlement Agreements, which are before this Court for approval.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. The Parties, through their respective counsel, have engaged in arms-length settlement negotiations since soon after the filing of the Complaint. The terms and conditions of settlement reflected in the Settlement Agreements are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case.

The Parties negotiated a total settlement amount of $60,000.00 to resolve Plaintiffs' claims under the FLSA. The total settlement amount will be allocated as follows: $36,000 to the Plaintiffs in settlement of their claims for unpaid wages and liquidated damages and $24,000 in attorney's fees. Thus, each of the six Plaintiffs will receive $6,000 in settlement funds and $4,000 in attorney's fees. The amount of Plaintiffs' attorney's fees comports with Plaintiffs' fee agreements with their counsel, a copy of which is attached as Exhibit 2.

The Parties state and agree that the terms and conditions of settlement set forth in the Settlement Agreements are fair, reasonable, and in the best interest of the Parties. The Parties have entered into the Settlement Agreements because the

Settlement Agreements reflect a reasonable compromise of the Parties' disputed issues and any actual or potential claims.  In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II. Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55.  If a settlement in an

employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. Mar. 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. Mar. 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575, at *3 (quoting *In

*re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Any fee agreement between a plaintiff and his or her counsel "must be disclosed to a court when a FLSA settlement is filed for approval" so that the Court can evaluate the reasonableness of the proposed settlement. *Martin v. Huddle House, Inc.*, Civ. No. 2:10-cv-00082-WCO [Doc. 16], at 3-4 (N.D. Ga. May 18, 2011).

### III.  Analysis

Defendants employed Plaintiffs at various times as Career Representatives and Admissions Representatives. Plaintiffs were classified as non-exempt under the FLSA and were paid an hourly rate. Plaintiffs alleged that they frequently worked in excess of 40 hours per workweek but were not paid at the overtime rate as required by the FLSA. *See* Second Amended Complaint [Doc. 12]. The Defendants denied that they had violated the FLSA and took the position that Plaintiffs had been paid for all hours they worked, including all hours over 40 hours per workweek at the appropriate overtime rate. Therefore, there is a bona

fide dispute in this case as to liability.  Nevertheless, the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter.  *See* Settlement Agreements [Exhibit 1].

In terms of fairness of the Settlement Agreements, given Plaintiffs' bases for liability and Defendants' defenses in this case, Plaintiffs' probability of success is uncertain.  Therefore, settlement of the action in favor of certainty is fair and reasonable.  The Parties have worked together to reach a final settlement amount that adequately compensates Plaintiffs for their alleged unpaid overtime and for their attorney's fees incurred in bringing this lawsuit according to the terms of the Fee Agreement between Plaintiffs and their counsel.  *See* Settlement Agreements [Exhibit 1]; Fee Agreement [Exhibit 2].  In addition, due to the well-publicized action taken against Defendants by the United States Department of Education, Defendants have been forced to sell off or close most of its campuses.  Defendants are also engaged in a well-publicized lawsuit brought by the Consumer Federal Protection Bureau.  Therefore, whether Defendants will continue to operate is not certain, and the settlement amounts for the alleged unpaid overtime and attorney's fees takes into account Defendants' financial situation and the uncertainty that Defendants will continue to operate.

Plaintiffs' counsel will receive payment totaling $24,000.00 in attorney's fees and costs pursuant to the Settlement Agreements. That figure represents a discount of more than $13,000 from the fees and costs actually incurred by Plaintiffs' counsel in litigating this matter. A lodestar calculation of Plaintiffs' attorney's fees, based on an hourly rate of $350 multiplied by 106 hours worked, totals $37,100.00. Plaintiffs' counsel also incurred costs in the amount of $521.65. Plaintiffs' fee agreements with their counsel state that Plaintiffs' attorneys will receive the greater of 40% of all sums recovered by way of settlement or the full amount of attorney's fees at the rate of $350 per hour.[1] In order to resolve this case, and in light of the significant financial issues facing Defendants, Plaintiffs' counsel agreed to accept the lower amount of 40% of the total recovery (i.e., $24,000.00) rather than the amount equal to the hours billed plus actual costs (i.e., $37,621.65).

This case was litigated over 18 months and included meetings and conferences with the Plaintiffs, preparing and filing the complaint and amended complaints, preparation of Plaintiffs' initial disclosures and the Parties' joint planning report, preparation of discovery requests to Defendants, review of

---

[1] Plaintiffs' counsel's hourly rate of $350 has also been approved in other cases. *See Register, et al. v. Laughing Out Loud Restaurant Group, LLC, et al.*, Civil Action No. 1:10-CV-3861-TCB (N.D. Ga.) [Doc. 169 at 13].

Defendants' discovery responses, analysis of Plaintiffs' payroll and timekeeping records, calculation of Plaintiffs' damages, research and analysis of Defendants' financial situation, settlement negotiations with Defendants, review and negotiation of the settlement agreements, and preparation of this joint motion. Accordingly, the proposed attorney's fees and costs of $24,000 is fair and reasonable under the FLSA.

WHEREFORE, the Plaintiffs and Defendants pray that this Court enter an Order approving the settlements and dismissing this case and all claims against all Defendants with prejudice. A proposed order is attached hereto as Exhibit 3.

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

Pursuant to Local Rule 7.1D, we certify that the foregoing Joint Motion to Approve Settlement was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1.

Respectfully submitted April 27, 2015,

| | |
|---|---|
| */s/ Andrew Keith Haeffele* | */s/ John T. Stembridge* |
| (with express permission) | John T. Stembridge |
| Andrew Keith Haeffele | Georgia Bar No. 678605 |
| Jeffrey Kenneth Brown | John@AndrewsStembridge.com |
| PAYNE & FEARS, LLP | Gary Blaylock Andrews, Jr. |
| 4 Park Plaza | Georgia Bar No. 019375 |
| Irvine, CA 92614 | Blake@AndrewsStembridge.com |
| Telephone: (949) 851-1100 | |
| Email: jkb@paynefears.com | ANDREWS & STEMBRIDGE LLC |
| Email: akh@paynefears.com | 2951 Piedmont Road |
| | Suite 300 |
| | Atlanta, Georgia  30305 |
| | Telephone:  (404) 604-2691 |
| John G. Perry | Facsimile:  (866) 828-6882 |
| Georgia Bar No. 141609 | |
| WOMBLE CARLYLE SANDRIDGE & RICE, LLP | Counsel for Plaintiffs |
| 271 17th Street N.W., Suite 2400 | |
| Atlanta, Georgia 30363 | |
| Telephone: (404) 872-7000 | |
| Facsimile:   (404) 879-2941 | |
| Email: joperry@wcsr.com | |

Counsel for Defendants

10